UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, NE<br>Washington, D.C. 20549,<br><br><div align="right">Plaintiff,</div><br>v.<br><br>TYSON FOODS, INC.,<br>2200 Don Tyson Parkway<br>Springdale, AR  72762,<br><br><div align="right">Defendant.</div> | C.A. No.:   **11 0350** |

**FINAL JUDGMENT AS TO DEFENDANT TYSON FOODS, INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant Tyson Foods, Inc. ("Defendant" or "Tyson Foods"), having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

30A of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78dd-1] by use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of any offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to—

    (1)    any foreign official for purposes of—

        (A)(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

        (B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person;

    (2)    any foreign political party or official thereof or any candidate for foreign political office for purposes of—

        (A)(i) influencing any act or decision of such party, official, or candidate in its or his official capacity, (ii) inducing such party, official, or candidate to do or omit to do an act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

        (B) inducing such party, official, or candidate to use its or his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person; or

(3)    any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official, to any foreign political party or official thereof, or to any candidate for foreign political office for purposes of—

(A)(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage;

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the Defendant.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $880,786, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $333,691. Defendant shall satisfy this obligation by paying $1,214,477 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations

4

Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be

accompanied by a letter identifying Tyson Foods as a defendant in this action; setting forth the

title and civil action number of this action and the name of this Court; and specifying that

payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on

any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds

paid pursuant to this paragraph to the United States Treasury.

<div align="center">V.</div>

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant

to undertakings in the Consent of Tyson Foods, Inc. in the above-captioned civil action ("the

Consent"), the Defendant shall self-report to plaintiff Securities and Exchange Commission

("SEC") periodically, at no less than six-month intervals, during a two-year term, regarding

remediation and implementation of the compliance activities described in paragraph 3 of the

Consent.  Tyson Foods shall designate a senior company officer as the person responsible for

overseeing Tyson's corporate compliance reporting obligations under this Consent.  Such

corporate official(s) shall have the authority to report matters directly to Tyson Food's Board of

Directors or any appropriate committee of the Board of Directors.  Should Tyson Foods discover

credible evidence, not already reported to the SEC, that questionable or corrupt payments or

questionable or corrupt transfers of property or interests may have been offered, promised, paid,

or authorized by any Tyson Foods entity or person, or any entity or person working directly for

Tyson Foods, or that related false books and records have been maintained, Tyson Foods shall

promptly report such conduct to the SEC.  During this two-year period, Tyson Foods shall: (1)

conduct an initial review and prepare an initial report, and (2) conduct and prepare at least three

<div align="center">5</div>

follow-up reviews and reports, as described below:

    a.    Tyson Foods shall submit to the SEC a written report within 180 calendar days of the entry of a Final Judgment in the above-captioned civil action setting forth a complete description of its remediation efforts to date, its proposals reasonably designed to improve the internal controls, policies, and procedures of Tyson Foods for ensuring compliance with the FCPA and other applicable anticorruption laws, and the proposed scope of the subsequent reviews.  The report shall be transmitted to Conway T. Dodge, Jr. (or his successor), Assistant Director, Division of Enforcement, Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C.  20549-6010. Tyson Foods may extend the time period for issuance of the report with prior written approval of SEC staff;

    b.    Tyson Foods shall undertake at least three follow-up reviews, each incorporating the SEC staff's views and comments on Tyson Foods' prior reviews and reports, to further monitor and assess whether the policies and procedures of Tyson Foods are reasonably designed to detect and prevent violations of the FCPA and other applicable anticorruption laws;

    c.    The first follow-up review and report shall be completed by no later than 180 days after the initial review. Subsequent follow-up reviews and reports shall be completed by no later than 180 after the completion of the preceding follow-up review; and

    d.    Tyson Foods may extend the time period for submission of any of the follow-up reports with prior written approval of SEC staff.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _14 February_ , 2011

_Rosemary M Colly_

UNITED STATES DISTRICT JUDGE